IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | 1:13-cr-132 |
| v. ) | |
| ) | Judge Collier |
| DAVID CROSS ) | |
| ) | |
| Defendant. ) | |

**SUPPLEMENTAL MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i) FOR IMMEDIATE COMPASSIONATE RELEASE**

The defendant, David Cross, by and through counsel, respectfully moves this Court pursuant 18 U.S.C. § 3582(c)(1)(A)(i) for an order reducing his sentence to time served based on his diagnosis of a pulmonary embolism in addition to other serious health issues. Mr. Cross would show the Court the following:

1. Mr. Cross's request for compassionate release to the warden of United States Medical Center for Federal Prisoners was denied on June 4, 2020. (Doc No. 123 at 3)

2. Mr. Cross is within the group of people the Centers for Disease Control and Prevention ("CDC") has categorized as most-at-risk for contracting and suffering life-threatening complications of COVID-19. The CDC lists the following people who are at higher risk: older adults, those with heart disease, diabetes, and lung disease.[1]

3. Pursuant to the First Step Act, the Court has the authority to determine whether "extraordinary and compelling reasons" warrant a sentence reduction after consideration of

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/specific-groups/high-risk-complications.html

sentencing factors under 18 U.S.C. § 3553(a) and the Sentencing Commission's policy statement on reduction of sentence in U.S.S.G. § 1B1.13.

4. Because Mr. Cross' circumstances fall within the Sentencing Commission's standards for reduction of sentence based on his medical condition as described in Application Note 1(A)(i) of U.S.S.G. § 1B1.13, it is respectfully requested that the Court grant a sentence reduction to time served and modify the terms of supervised release to accommodate the release plan.

5. The proposed release plan is for Mr. Cross to live with his mother in Hamilton County, Tennessee.

## Court's Authority to Act

On December 21, 2018, the First Step Act became law. Among the criminal justice reforms, Congress amended 18 U.S.C. § 3582(c)(1)(A)(i) to provide the sentencing judge authority to consider a defense motion for reduction of sentence under the subsection when the client exhausted all available administrative remedies by seeking compassionate release through the BOP. Mr. Cross's administrative request for compassionate release was denied by the Warden on May 4, 2020.

## Sentence Reduction Authority Under 18 U.S.C. § 3582(c)(1)(A)(i)

This Court has discretion to reduce the term of imprisonment imposed in this case based on § 3582(c)(1)(A)(i), which states in relevant part that the Court "may reduce the term of imprisonment, after consideration of the factors set forth in section 3553(a) to the extent they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction[.]" Pursuant to the requirement of 28 U.S.C. § 994(t), as authorized by 28 U.S.C. § 994(a)(2)(C), the

Sentencing Commission promulgated a policy statement that sets out the criteria and examples of "extraordinary and compelling reasons" in U.S.S.G. § 1B1.13 that include Mr. Cross's circumstances:

> The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> The Defendant is at least 65 years old; (ii) is experiencing serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or his term imprisonment, whichever is less.

U.S.S.G. § 1B1.13, comment. n.1(A)(i) (Nov. 1, 2016). The Court's exercise of sentencing discretion based on the extraordinary and compelling reasons depends on both Mr. Cross's current medical condition and the factors set forth in Section 3553(a) to the extent that they are applicable.

## Factual and Procedural Background

On February 9, 2019, Mr. Cross entered a guilty plea to count one: violating 18 U.S. Code §§ 2, 2113(a) and (d); and count two: violating 18 USC §924(c)(1)(A)(iii). (Doc. No. 849) His expected release date is November 25, 2028.

Mr. Cross's current health problems consist of end-stage renal disease, chronic obstructive pulmonary disease, Diabetes type II insulin dependent, anemia in chronic kidney disease, Polyneuropathy in diabetes, Thrombocytopenia, Obesity, Diabetic Retinopathy, hypertension, and he receives dialysis treatment. (Doc. 123, pp. 4-17). Given the recent developments of the spread of COVID-19, it is important to note that Mr. Cross has long-term, pre-existing medical conditions; medical conditions which the CDC lists as risk factors for

3

Case 1:13-cr-00132-CLC-SKL   Document 126   Filed 09/17/20   Page 3 of 6   PageID #: 571

developing more severe COVID-19 complications were he to contract the virus.

As of September 17, 2020, the new strain of coronavirus which causes COVID-19, has infected over 6.6 million people, leading to at least 196,00 deaths in the United States.[2] These numbers have not only risen, but have exponentially compounded just in the past few weeks. The United States has surpassed any other country in the world for numbers of positive cases.

Individuals at higher risk of dying from COVID-19 include adults over 60 years old and people with chronic health conditions such as lung disease, heart disease, hypertension (high blood pressure) and diabetes. The CDC has issued guidance that individuals at higher risk should take immediate preventative actions, including avoiding crowded areas and staying home as much as possible.[3] The latest report from the BOP reports 13,583 federal inmates have tested positive for the disease along with 1,596 staff members.[4] 120 Federal inmates have died from the disease, as well as two BOP staff members. Id.

As part of the First Step Act, Congress removed a major obstacle from judicial review of sentences to determine whether conditions such as terminal illness made a sentence reduction "sufficient, but not greater than necessary," under 18 U.S.C. § 3553(a). Under the Act, this Court is afforded the power to make the § 3553(a) determination of whether the remaining six months of Mr. Cross' sentence, his terminal illness, and other debilitating conditions, is "sufficient, but not greater than necessary," to accomplish the goals of sentencing.

A. **Mr. Cross's Illness Constitutes Extraordinary and Compelling Reasons Warranting a Sentence Reduction.**

Mr. Cross easily meets the threshold requirement of "extraordinary and compelling

---

[2] *https://covid.cdc.gov/covid-data-tracker/#cases_totalcases*
[3] *People at Risk for Serious Illness from COVID-19*, CDC (March 12, 2020) at https://bit.ly/2vgUt1P.
[4] *Available at* https://www.bop.gov/coronavirus/index.jsp (last visited September 1, 2020).

4

reasons" because his chronic obstructive pulmonary disease, and end-stage renal disease makes it much more likely that should Mr. Cross contract the virus, he would die. In addition, hypertension and obesity are both conditions alone that greatly increase the risk of death in persons contracting the virus. A recent study has found people with obesity who contracted COVID-19 were 113% more likely than healthy people to be hospitalized, 74% more likely to be admitted to an ICU, and 48% more likely to die. [5] Also, Thrombocytopenia is a serious condition, as palates are needed for blood to clot, so Mr. Cross is at an increased risk of losing large amounts of blood should he be injured. Lastly, the CDC has identified eight medical conditions that are at in increased risk of severe illness or death, and Mr. Cross has four of those conditions. Arguably, any single condition alone would constitute an extraordinary and compelling reason, but taken together Mr. Cross easily meets the threshold requirement.

**B.  With Full Consideration of the § 3553(a) Factors, Mr. Cross' Time Served Constitutes a Sentence Sufficient But Not Greater Than Necessary To Accomplish The Goals Of Sentencing.**

Under § 3553(a), the extraordinary and compelling reasons, as interpreted by the BOP and Sentencing Commission descriptions, warrant a sentence reduction based on Mr. Cross's characteristics, in particular his need for an effective and supportive environment for medical care, and the accomplishment of the deterrence and public safety purposes of sentencing. Mr. Cross's medical conditions are so severe that the community would not be at risk should he be released from the Bureau of Prisons. Particularly when considering Mr. Cross needs dialysis treatments to live, and he is losing his vision due to complications of type II diabetes.

---

[5] https://onlinelibrary.wiley.com/doi/full/10.1111/obr.13128

5

**Conclusion**

Congress expanded the compassionate release provisions in the First Step Act to reflect evolving societal values against mass incarceration and inadequate prison conditions. Compassionate release, as its name suggests, is meant to inject some degree of humanity into a sometimes harsh system. In addition to meeting the criteria for a compassionate release, Mr. Cross' chronic and serious health conditions put him at an increased risk for contracting and experiencing serious complications from COVID-19, including possible death.

For the foregoing reasons, Mr. Cross respectfully requests that the Court grant a reduction in his sentence to time served and amend the conditions of supervised release as requested.

Respectfully submitted,

FEDERAL DEFENDER SERVICES
OF EASTERN TENNESSEE, INC.

By *s/J. Damon Burk*
    J. Damon Burk
    WSBA: 41352
    Assistant Federal Defender
    835 Georgia Avenue, Suite 600
    Chattanooga, Tennessee 37402
    (423) 756-4349